James G. Hunt
Hunt & Fox PLLP
111 No. Last Chance Gulch, Suite 3A
Helena, MT  59601
406-442-8552
jim@huntfoxlaw.com
ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| REUEL CYR,<br><br>                    Plaintiff,<br><br>     -v-<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, aka UNUM GROUP CORPORATION, a Foreign Profit Company doing business in Montana,<br><br>                    Defendant. | **COMPLAINT**<br><br>**Cause No:**  CV-25-27-H-TJC |

## INTRODUCTION

This action seeks long-term disability (LTD) benefits which were improperly denied to Plaintiff Reuel Cyr (Mr. Cyr) under a LTD Plan (Plan) insured and administered by Defendant Unum Life Insurance Company of

America (Unum) and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Mr. Cyr seeks instatement of his disability benefits (including retroactive benefits) as required by the insurance contract pursuant to 29 U.S.C. §502(a) [§1132(a)], along with interest and attorney's fees as permitted by 29 U.S.C. §502(g) [§1132(g)], and other applicable law. The dispute between the parties arises primarily with Unum's assertion that Mr. Cyr "can perform the duties of his occupation" and "was not disabled according to the policy and benefits are not payable." This forms the basis for Unum's termination of Mr. Cyr's disability benefits. Mr. Cyr alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Reuel Cyr is a citizen/resident of Lewis & Clark County, Montana, USA. Mr. Cyr travels to Costa Rico and stays there for a period of time. It is much warmer in Costa Rico than Montana, which helps his condition and makes him more comfortable. Mr. Cyr owns real property in Helena, Montana, and maintains his U.S. and Montana citizenship/residence.

2. Defendant Unum Life Insurance Company of America, *aka* Unum Group Corporation (Unum), is a disability insurer registered and engaged in the business of insurance in Montana as a Foreign Profit Corporation. On information and belief, Unum is registered with and maintains its principal

place of business in the state of Tennessee. On information and belief, UNUM has been licensed as an insurer doing business in Montana since 1995.

3. UNUM administers, insures, and serves as a fiduciary to CRH America's Inc. (CRH). CRH owns Helena Sand & Gravel, Inc., (Helena Sand), a Foreign Profit Company, located and doing business in Helena, Montana. Mr. Cyr's employment checks state Helena Sand was the payor.

4. Unum insured employees of CRH Americas Inc., including Helena Sand, under a long-term disability plan, Group Insurance Policy Non-Participating, Policy Number 469768 001 (Plan). The Plan is established under and governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

5. Mr. Cyr worked for Helena Sand beginning in approximately 1998 and was covered by the Plan when he was disabled.

6. Mr. Cyr seeks to recover benefits under the terms of the Plan and to enforce his rights under the terms of the Plan. 29 U.S.C. § 502(a).   Jurisdiction and venue are proper in this Court. 29 U.S.C. § 502(e).

## STATEMENT OF FACTS

7. Prior to his disability, Mr. Cyr worked in and owned a flooring store. Mr. Cyr became employed at Helena Sand & Gravel (CRH Americas, Inc.), and eventually was promoted to Quality Control Technician. This is the position he held when he became disabled. As part of his employment benefits, Mr. Cyr was insured by Unum's Plan. Based on information and belief, the Plan was administered in the State of Maine and purports to be governed by the laws of the State of Georgia.

8. Unum's policy defines LTD as: (1) the employee is limited from performing the material and substantial duties of the employee's regular occupation due to sickness or injury; (2) the employee has a 20% or more loss in the employee's indexed monthly earnings due to the same sickness or injury; (3) after 12 months of payments, the employee is disabled when Unum determines that due to the same sickness or injury, the employee is unable to perform the duties of any gainful occupation for which the employee is reasonably fitted by education, training or experience; and 4) the employee must be under regular care by a physician.

9. Under the terms of the Plan, Mr. Cyr is eligible for LTD benefits until he reaches Social Security Normal Retirement Age.

10. Mr. Cyr developed occupational severe chronic fatigue syndrome (CFS) and was hospitalized.  He was evaluated at the Mayo Clinic.

11. CFS has impacted Mr. Cyr's concentration, ability to interact with others, lifting, performing manual tasks, reaching, standing, walking, and working.  CFS further limits his major life activities.  Mr. Cyr has a very limited activity/exercise tolerance and requires frequent rest periods after a short duration of physical activity.  Mr. Cyr also developed chronic pain syndrome and fibromyalgia pain which makes physical activity painful.  As a result of these physical conditions, Mr. Cyr has been diagnosed with Major depressive disorder and suffers from severe depression and anxiety.

12. Mr. Cyr was hospitalized from November 28, 2019, through December 4, 2019.  Mr. Cyr was disabled on November 28, 2019, from the above-described physical conditions and remains disabled.

13. Mr. Cyr has been under the continuous care of his treating family physician, Andrew Gilbert, M.D., who informed Unum on more than one occasion that Mr. Cyr is "unable to work at all."  Dr. Gilbert has determined Mr. Cyr's functional limitations.  These functional show Mr. Cyr cannot work.

14. On June 17, 2021, Unum approved STD benefits from November 28, 2019, through December 4, 2019.

15. On June 17, 2021, Unum disapproved LTD benefits after May 25, 2020, the date his elimination period ended, because Unum's "physician reviewed all medical information available and her opinion is that the information does not support any symptoms of a severity to preclude [Mr. Cyr] from [his] regular occupation demands and on a full time sustained basis."

16. On or about February 7, 2023, Mr. Cyr timely appealed Unum's decision that he was not disabled beyond May 25, 2020. (Mr. Cyr has been disabled since November 28, 2019, but is not seeking STD in this action).

17. On February 4, 2021, Unum denied Mr. Cyr's LTD appeal determining he did not meet the definition of disability because his claimed "restrictions and limitations are not supported as of December 5, 2019, and ongoing."

18. At all times relevant to this matter, including the present, Mr. Cyr has been unable to work as a Quality Control Technician because of physical and resultant mental conditions. Mr. Cyr has a 20% or more loss of his indexed monthly earnings due to the same sickness and/or injury; (3) as a result of his same sickness and/or injury, Mr. Cyr has been unable to perform the duties of any gainful occupation for which he is reasonably fitted by education, training or experience; and 4) Mr. Cyr is under regular care by a physician.

19. Mr. Cyr's benefits were improperly terminated.

20. Mr. Cyr has exhausted his administrative remedies.

21. Unum informed Mr. Cyr that if he disagreed with Unum's decision, he had the right to bring a civil suit under section 502(a) of the Employee Retirement Income Security Act of 1974.

## COUNT I
## CLAIM FOR BENEFITS
### *29 U.S.C. § 502(a)*

Mr. Cyr incorporates each allegation above and, in addition, alleges the following:

22. Mr. Cyr has been damaged by the failure of Unum to pay LTD benefits under the terms of the plan.

23. Pursuant to the Plan, Unum is contractually obligated to pay Mr. Cyr LTD benefits pursuant to the terms of the policy. Despite this obligation, Unum has failed to pay LTD.

24. Mr. Cyr has not worked since November 27, 2019. Therefore, the elimination period has expired. Retroactive LTD benefits are owed to Mr. Cyr. Accordingly, Unum is required to pay the back benefits in a lump sum.

25. Mr. Cyr is entitled to future LTD benefits as long as he remains disabled.

# COUNT II
# CLAIM FOR ATTORNEY FEES AND COSTS
*29 U.S.C. § 502(g)*

# PRAYER FOR RELIEF

WHEREFORE, Mr. Cyr prays for judgment against Unum as follows:

1. For retroactive LTD benefits under the plan. 29 U.S.C. §502(a)(1)(B).

2. Reasonable costs, attorney fees, and interest as provided by 29 U.S.C. §502(g).

3. Future LTD benefits for as long as Mr. Cyr is disabled.

4. Other relief as may be just and proper and/or as provided by law.

DATED this 18th day of March, 2025.

HUNT & FOX, PLLC


BY:   */s/James G. Hunt*
      JAMES G. HUNT
      *Attorneys for Plaintiff*